# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**DURINGUS SHONTAE GRAY**                                                **PLAINTIFF**
**ADC #117772**

v.                   **CASE NO. 2:20-CV-00218-BSM**

**GAYLON LAY**, *et al.*                                                     **DEFENDANTS**

## ORDER

The proposed findings and recommendations submitted by United States Magistrate Judge Beth Deere [Doc. No. 15], as well as plaintiff's and defendants' objections [Doc. Nos. 16, 23] thereto, have been received. After *de novo* review of the record, Judge Deere's partial recommended disposition [Doc. No. 15] is adopted in part.

Duringus Gray's deliberate indifference claims against the defendants, in both their individual and official capacities, are dismissed. Gray cannot recover money damages against the defendants in their official capacities because his claims are tantamount to claims against the State of Arkansas. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68–71 (1989). His deliberate indifference claims against defendants in their individual capacities fail because defendants are entitled to qualified immunity. *See Moore v. City of Desloge, Mo.*, 647 F.3d 841, 846 (8th Cir. 2011).

Judge Deere recommended that Gray's retaliation claim be permitted to proceed; however, that finding is rejected because Gray fails to state a claim upon which relief can be granted. Specifically, his retaliation claim fails for two reasons: (1) Gray does not allege sufficient facts to demonstrate retaliatory animus on Lay's part and (2) Gray's allegations are

speculative and conclusory. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996). In his complaint, Gray states that Lay deemed it "safe to order [Gray] and others to go back out to work in the field without being re-tested and cleared by medical." Compl. at 7, Doc. No. 2. Rather than alleging that Lay specifically targeted him because he filed a grievance form, Gray's complaint indicates that Lay ordered inmates back into the field as part of a broadly applied policy. Moreover, Gray's statement that "I believe this is possibly a form of retaliation for inacting the grievance procedure" is purely speculative. *Id*. at 8.

Therefore, defendants' motion to dismiss [Doc. No. 9] is granted and this case is dismissed with prejudice.

IT IS SO ORDERED this 22nd day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE